|||
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:06-CR-30(2) |
| | § | |
| MATTHEW WEBB | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Matthew Webb's ("Webb") *pro se* Motion to Terminate Supervised Release (#328), wherein he seeks early termination of his supervised release. After conducting an investigation, United States Probation and Pretrial Services ("Probation") submitted a report recommending that the court deny Webb's motion. The Government is also opposed to the motion. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Webb's motion should be denied.

I.    Background

On August 16, 2006, a federal grand jury in the Eastern District of Texas returned a six-count Second Superseding Indictment that named Webb along with five codefendants. The Second Superseding Indictment charged Webb in Count Four with Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Schedule II Controlled Substance, namely methamphetamine actual, in violation of 21 U.S.C. § 846. On September 29, 2006, Webb pleaded guilty to Count Four of the Second Superseding Indictment pursuant to a non-binding plea agreement. On April 30, 2007, the court sentenced Webb to 259 months' imprisonment, to be followed by 5 years of supervised release. On March 9, 2016, the court reduced Webb's term of imprisonment to 188 months. On July 2, 2020, Webb completed his term of imprisonment and

commenced his term of supervised release in the Southern District of Texas. On December 16, 2021, Webb filed his first *pro se* Motion for Early Termination of Supervised Release (#313). The court subsequently denied Webb's motion by written order dated March 10, 2022 (#314).

In the current motion, Webb asserts that he "has successfully completed half of his five-year supervised release term and is considered a 'model' client by his probation officer." He states that he "has fully complied with the court's express terms of supervision, including abstaining from drug use . . . fully obeying the law, and diligently complying with the requirements of [Probation]." Additionally, Webb states that he is "gainfully employed . . . as a truck driver." Webb contends that his "work effort demonstrates that he is rehabilitated from his offense and is now fully and successfully reintegrated into the community."

II.    Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021);

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019).  "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).  Instead, the defendant bears the burden of demonstrating that early termination is warranted.  *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018).  Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022).  "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination.  *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52.  Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required.  *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No.

3

11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United*

*States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Webb's offense of conviction stems from his participation in a methamphetamine trafficking conspiracy in the Orange County, Texas, area. Webb, along with his codefendants, sold approximately 100 to 150 pounds of methamphetamine during a nine-month period. His participation included accompanying other codefendants to Houston to purchase methamphetamine and paying a codefendant to transport others to Orange, Texas, as well as purchasing hotel rooms for them. Webb was initially implicated by one of his codefendants subsequent to his arrest. While the codefendant was in the custody of the Orange County Sheriff's Office, he made two monitored phone calls to Webb discussing the methamphetamine the codefendant possessed at the

5

time of his arrest and told investigators that the methamphetamine had been provided to him by Webb. Furthermore, the codefendant advised investigators that he and Webb both had an "interest" in the methamphetamine. Investigators later executed a search warrant at Webb's residence and discovered an unspecified amount of methamphetamine, several items connecting Webb to the codefendant, a scale, two money-counting machines, vacuum seal bags, an unspecified amount of marijuana, and a crack pipe. Webb was arrested and was found responsible for the distribution of a minimum of 461.19 grams of a mixture or substance containing approximately 144.92 grams of methamphetamine actual.

The court finds that Webb's post-release conduct does not warrant early termination of his supervised release. Although Webb provides the court with a list of commendable achievements and goals, he identifies no new or exceptional circumstances or needs. Moreover, the court previously denied Webb's prior motion for early termination based on essentially the same grounds he now asserts. The only difference in the motions is that Webb has served one additional year on supervised release. Webb has an extensive criminal history consisting of at least seven prior convictions, including assault, possession of a controlled substance, aggravated assault with a deadly weapon, and manufacture/delivery of a controlled substance. *See Lynn*, 2022 WL 2446328, at *3-4. Webb committed some of these offenses while on community supervision. Additionally, Webb has served only approximately 31 months of his 60-month term of supervised release. *See id.* at *4-5. Moreover, it appears that Webb has a long history of poly-substance abuse, including the use of alcohol, marijuana, LSD, powder and crack cocaine, MDMA, and methamphetamine.

Thus, although Webb appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See id.* at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Webb's current sentence, including the five-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of his offense, his criminal history, and his history of poly-substance abuse, early termination would not be in the interest of justice. Accordingly, Webb's motion for early termination of supervised release should be denied.

III.  Conclusion

In accordance with the foregoing, Webb's *pro se* Motion to Terminate Supervised Release (#328) is DENIED.

SIGNED at Beaumont, Texas, this 30th day of June, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE