**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:06-CR-30(2) |
| | § | |
| MATTHEW WEBB | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Matthew Webb's ("Webb") *pro se* Motion to Terminate Supervised Release (#330), wherein he seeks early termination of his supervised release for the third time.  Although his supervising Probation Officer in the Southern District of Texas has no objection to early termination, United States Probation and Pretrial Services ("Probation") in the Eastern District of Texas conducted an investigation and submitted a report recommending that the court deny Webb's motion.  The Government is also opposed to Webb's early termination request.  Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Webb's motion should be denied.

I.      Background

On August 16, 2006, a federal grand jury in the Eastern District of Texas returned a six-count Second Superseding Indictment that named Webb along with five codefendants.  The Second Superseding Indictment charged Webb in Count Four with Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Schedule II Controlled Substance, namely methamphetamine actual, in violation of 21 U.S.C. § 846.  On September 29, 2006, Webb pleaded guilty to Count Four of the Second Superseding Indictment pursuant to a non-binding plea agreement.  On April 30, 2007, the court sentenced Webb to 259 months' imprisonment, to be followed by 5 years of supervised release.  Although Webb filed a notice of appeal on May 10,

2007 (#244), the United States Court of Appeals dismissed his appeal on December 4, 2007, for failure to file a timely brief (#281).  Webb filed a motion to vacate his conviction under 28 U.S.C. § 2255 on December 3, 2008 (#286), but the Fifth Circuit dismissed it on July 29, 2011.  On March 9, 2016, the court reduced Webb's term of imprisonment to 188 months.  On July 2, 2020, Webb completed his term of imprisonment and commenced his term of supervised release in the Southern District of Texas, which is projected to expire on July 1, 2025.  On December 16, 2021, Webb filed his first *pro se* Motion for Early Termination of Supervised Release (#313).  The court subsequently denied Webb's motion by written order dated March 10, 2022 (#314).  On December 28, 2022, Webb filed his second *pro se* Motion for Early Termination of Supervised Release (#328).  The court denied Webb's second motion by written order dated June 30, 2023 (#329).

In the current motion, Webb asserts that he "has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities."  He states that "he has fully complied with the court's express terms of supervision, including abstaining from drug use (as evidenced by his continued 'clean' drug monitoring), fully obeying the law, and diligently complying with the requirements of the Probation Department."  He concludes, "Matthew William Webb has tried to live a productive lifestyle by holding steady employment while supporting himself."  He adds, as he did in his second motion, that "he has successfully completed half of his five-year supervised release term and is considered a 'model' client by his probation officer."  Webb further states, consistent with his second motion, that he is "gainfully employed at Brother's Food Service as a truck driver."  According to Webb, "his actual supervision is minimal at this point."  Finally, he asserts, as in his second motion, that his "work efforts demonstrate that he is rehabilitated from his offense and is now fully and successfully reintegrated into the community."

II.   <u>Analysis</u>

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

---

[1] Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim.  18 U.S.C. § 3553(a).

Although Webb's Probation Officer in the Southern District of Texas does not oppose early termination, this fact, standing alone, is insufficient to justify granting Webb's request for early termination.  *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release.  A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination.  *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required.  *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Seymore*, No. CR

07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*,

No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D. N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *Seymore*, 2023 WL 3976200, at *1 ("[E]arly termination is usually granted only in cases involving

changed circumstances, such as exceptionally good behavior." (quoting *Smith*, 2014 WL 68796, at *1)).

Webb's offense of conviction stems from his participation in a methamphetamine trafficking conspiracy in the Orange County, Texas, area.  Webb, along with his codefendants, sold approximately 100 to 150 pounds of methamphetamine during a nine-month period.  His participation included accompanying other codefendants to Houston to purchase methamphetamine and paying a codefendant to transport others to Orange, Texas, as well as purchasing hotel rooms for them.  Webb was initially implicated by one of his codefendants subsequent to his arrest. While the codefendant was in the custody of the Orange County Sheriff's Office, he made two monitored phone calls to Webb discussing the methamphetamine the codefendant possessed at the time of his arrest and told investigators that the methamphetamine had been provided to him by Webb.  Furthermore, the codefendant advised investigators that he and Webb both had an "interest" in the methamphetamine.  Investigators later executed a search warrant at Webb's residence and discovered an unspecified amount of methamphetamine, several items connecting Webb to the codefendant, a scale, two money-counting machines, vacuum seal bags, an unspecified amount of marijuana, and a crack pipe.  Webb was arrested and was found responsible for the distribution of a minimum of 461.19 grams of a mixture or substance containing approximately 144.92 grams of methamphetamine actual.  At sentencing, the court imposed a two-level enhancement after finding that Webb was an organizer, leader, manager, or supervisor of the criminal activity.

The court finds that Webb's post-release conduct does not warrant early termination of his supervised release.  Although Webb maintains, and Probation confirms, that he has fully complied

with his conditions of release to date, he identifies no new or exceptional circumstances or needs. Moreover, the court previously denied Webb's prior motions for early termination based on essentially the same grounds he now asserts. The only difference in the motions is that Webb has served additional years on supervised release. Webb has an extensive criminal history, which includes prior convictions for vandalism, assault, possession of marijuana, possession of a controlled substance (2x), aggravated assault with a deadly weapon, and manufacture/delivery of a controlled substance (2x). *See Lynn*, 2022 WL 2446328, at \*3-4. Webb committed some of these offenses while on supervision. Moreover, Webb has a long history of poly-substance abuse, including the use of alcohol, marijuana, LSD, powder and crack cocaine, MDMA, and methamphetamine.

With regard to Webb's motion for early termination of supervised release, Probation comments:

> He is to be commended for his compliance and progress during the term of supervision. Yet, the information included in his motion is consistent with the two previous filings and he identified no additional circumstances to warrant early release from supervision besides general compliance that is expected. Also, Mr. Webb's criminal history includes convictions for crimes while on community supervision; drug distribution; assault; aggravated assault with a deadly weapon and sanctions while in the Federal Bureau of Prisons. [Individuals with] this type of criminal record, and earlier violation conduct during a previous supervision term, show a heightened risk for recidivism and are not generally recommended for early termination. Thus, the U.S. Probation Office again respectfully recommends the Court deny the motion and allow him to complete the term of supervised release as ordered.

The court concurs. While Webb's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for success in reentry in view of his prior involvement in crimes of violence and drug distribution as well as his history of poly-substance abuse. Requiring Webb to complete his entire, five-year term of supervised release safeguards

8

against the reoccurrence of criminal activity and drug use, while imposing merely a slight burden on Webb, which he concedes is only "minimal at this point."  Thus, although Webb appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation.  *See id.* at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison).  The court, likewise, is of the opinion that Webb's current sentence, including the five-year term of supervised release, was appropriate at the time of sentencing and remains so.  *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of his offense, his criminal history, and his history of poly-substance abuse, early termination would not be in the interest of justice.  Accordingly, Webb's motion for early termination of supervised release must be rejected.

III.   Conclusion

In accordance with the foregoing, Webb's *pro se* Motion to Terminate Supervised Release (#330) is DENIED.

SIGNED at Beaumont, Texas, this 31st day of May, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

9